UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,

        Plaintiff,

v.

KIRTIDA PATEL, M.D.,

        Defendant.
_____/

Case No. 2:24-cv-10193

Honorable Susan K. DeClercq
United States District Judge

Honorable Anthony P. Patti
United States Magistrate Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 24), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 23), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 17), AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT (ECF No. 1)**

Plaintiff Bryan Allen Cary, currently incarcerated at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan, sued his psychiatrist, alleging Eighth Amendment violations arising out of her deficient medical care. Specifically, he claims that his doctor is "experimenting" on him with medications and refusing to prescribe him a medication he has previously taken successfully. Shortly after filing his complaint, and prior to service, Cary filed a motion for summary judgment. After defendant was identified and service had been completed, Defendant Patel moved to dismiss.

- 2 -

This matter was referred for full pretrial to the magistrate judge who, after careful consideration, recommended granting Defendants' motion to dismiss and denying Plaintiff's motion for summary judgment.

Plaintiff filed a general objection to the magistrate judge's recommendation. As explained below, there is no clear error, so the magistrate judge's report will be adopted and Plaintiff's complaint will be dismissed with prejudice.

## I. BACKGROUND

On January 24, 2024, Plaintiff Bryan Allen Cary brought suit against his ARF psychiatrist for failing to adequately treat his mental health conditions. ECF No. 1. His psychiatrist, later identified as Dr. Kirtida Patel, M.D., ECF No. 16, allegedly refused to give Cary a prescription for Wellbutrin, despite Cary insisting that it had been effective for him in the past. ECF No. 1. Cary claims that, rather than prescribing Wellbutrin, Dr. Patel is "experimenting with medications that don't work." ECF No. 1 at PageID.3. As a result, he claims he has been very stressed, anxious, depressed, and suicidal and that he has self-injured. *Id.* at PageID.1. He insists that he "was doing just fine" when he was on Buspar and Wellbutrin. *Id.* at PageID.3. His complaint did not include a request for relief. *Id.*

On March 8, 2024, prior to service on Dr. Patel, Cary filed a Motion for Summary Judgment. ECF No. 11. In his motion, he expanded on his complaint, noting that he suffers from bipolar disorder with psychotic features, severe

depression, anxiety and paranoia, borderline personality disorder, post-traumatic stress disorder, and hallucinations. *Id.* at PageID.77. He also alleged that when he told Dr. Patel about his self-harm, she refused to prescribe Wellbutrin, saying "you'll have to cope with it." *Id.* Instead, he claims, Dr. Patel prescribed several medications causing him a wide variety of side effects ranging in seriousness. *Id.* at PageID.77–78. Cary echoed his prior allegation that Dr. Patel was experimenting on him, knowingly putting him on medications that do not work and that cause severe side effects. *Id.* at PageID.78. Despite asking for summary judgment in his favor, Cary once again did not articulate any requested relief.

On July 10, 2024, after service was completed, Dr. Patel filed a Motion to Dismiss. ECF No. 17. In her motion, Dr. Patel argues that Cary failed to properly state a claim upon which relief may be granted, both because of the limited factual basis presented in the complaint and because the facts as alleged do not rise to the level of an Eighth Amendment violation. *Id.* at PageID.99–104.

This matter was referred for full pretrial to Magistrate Judge Anthony P. Patti. ECF No. 10. After a careful review of the parties' motions, Judge Patti issued a report and recommendation (R&R) that this Court deny Cary's motion for summary judgment as premature, grant Dr. Patel's motion to dismiss, and dismiss the

complaint. ECF No. 23. [1]

Plaintiff filed a general objection to the report but failed to identify a specific basis for his objection. As such, *de novo* review of the magistrate judge's recommendation is unnecessary and this Court reviews for clear error. As explained below, there is no clear error, so the magistrate judge's report will be adopted, and Plaintiff's complaint will be dismissed with prejudice.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

---

[1] On November 26, 2024, Dr. Patel notified this Court that the case was automatically stayed subject to a bankruptcy proceeding in the Southern District of Texas. ECF No. 26. On July 16, 2025, this Court confirmed that the bankruptcy stay has since been lifted, so the matter is now subject to review. *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.), Docket Nos. 2680; 3306.

Under Local Rule 72.1, objections to a magistrate judge's report and recommendation must "(A) specifiy the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." Absent proper objection, a magistrate judge's report and recommendation need only be disturbed if clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(b)(3) advisory committee's note to 1983 amendment.

### III. ANALYSIS

This Court has reviewed Plaintiff's complaint, ECF No. 1, Plaintiff's motion for summary judgment, ECF No. 11, Defendant's motion to dismiss, ECF No. 17, the accompanying response and reply, ECF Nos. 19; 21, Judge Patti's R&R, ECF No. 23, Plaintiff's objection, ECF No. 24, Defendant's response, ECF No. 25, and all other applicable filings and law.

First, this Court finds that Plaintiff failed to properly object to the R&R. *See* ECF No. 24. Rather than identifying any part of the R&R that he objects to and stating a basis for that objection, Plaintiff merely reiterates that he is experiencing unpleasant side effects on his current medication. *Id.* at PageID.137. He additionally notes that "case law is clear" that "doggedly persisting in a treatment known not to work" violates the Eighth Amendment. *Id.* These objections merely restate arguments already made and instead appear to be a general objection to the entirety

of the report. The Sixth Circuit has held that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). As such, this Court reviews the R&R under a clear error standard, as if no objection had been filed.

Having conducted this review, this Court finds that Judge Patti's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that his legal reasoning is sound. That is, there are no prejudicial clear errors in Judge Patti's findings or recommendations to (1) grant Defendants' motion to dismiss, ECF No. 17, and (2) deny Plaintiff's motion for summary judgment, ECF No. 11. *See* ECF No. 23. And to the extent Plaintiff's objections challenge Judge Patti's conclusions and recommendations, his objections will be overruled because they simply re-raise arguments which were already made in earlier pleadings and presented to the magistrate judge for consideration. *See generally* ECF No. 24.

In sum, Plaintiff's objection will be overruled, and Judge Patti's R&R will be adopted.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Objection, ECF No. 24, is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation, ECF No. 23, is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**;

4. Defendant's Motion to Dismiss, ECF No. 17, is **GRANTED**;

5. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 23, 2025